## Bigler, Appellant, *v.* Pittsburgh Railways Company.

Argued October 6, 1955. Before STERN, C. J., STEARNE, JONES and ARNOLD, JJ.

*Regis C. Nairn,* with him *James P. McArdle,* for appellant.

*Con F. McGregor,* for appellee.

Opinion by Mr. Chief Justice Horace Stern, November 14, 1955:

In this accident case the court nonsuited the plaintiff on the ground (1) that the evidence of defendant's negligence was not sufficient to require submission of the case to the jury, and (2) that plaintiff was contributorily negligent as a matter of law. We are not in accord with either of those conclusions.

Plaintiff testified that on a January morning he was operating his automobile northerly along the easterly side of Noblestown Road in Allegheny County. There was such a heavy snow storm, the weather was so dark and cloudy, and the resulting visibility was so poor, that, even though he had his headlights on and the windshield wipers and defrosters were working, he could not see even a lighted object ahead at a distance of more than 20 or 30 feet. He was driving at a speed of approximately 20 miles an hour but as he approached the crossing of Noblestown Road by the Pittsburgh Railways Company he slowed down to about five miles an hour. He rolled down the window on the right side of the car, but, looking out, he could barely see the curb only a few feet distant. He listened but heard no bell or signal of any sort. Upon reaching the crossing he "made just about a complete stop," blew his horn, and, as he proceeded across the tracks at scarcely more than 5 or 10 miles an hour, he kept looking to the right and left. He crossed the southerly track and the front end of his car was already clear of the northerly track when a westbound street car ran into the right center of the automobile, throwing it 20 or 30 feet across the road into a safety island and knocking him out of the car; photographs placed in evidence showing the condition of the automobile after the accident vividly indicate the violence of the impact. The street car was operated by a woman;

plaintiff asked her "What was the matter" and "she said she didn't see me."[1]

Did not this testimony sufficiently indicate negligence on the part of the operator of the street car to require the submission of the case to the jury?

(1) Although plaintiff listened at the crossing he heard no bell or other warning signal; the permissible inference is that no such signal was given by the operator of the street car although obviously required because of the poor visibility.

(2) The operator of the street car admitted that she did not see plaintiff's automobile although it was straight ahead of her on the westbound track before she struck it, and, like the plaintiff, she could presumably have seen it 20 or 30 feet ahead of her had there been a headlight on the street car as there should have been in view of the weather conditions.

(3) The operator of the street car gave no heed to the plaintiff's sounding of his horn before he started across the intersection.

(4) Since plaintiff was travelling along the side of Noblestown Road close to the easterly curb, the collision occurred practically as the street car entered upon the crossing with such speed as to throw the automobile across the road and plaintiff out of his car.

(5) Defendant's contention that the street car, coming from the right, had the right of way, fails in view of the fact that plaintiff reached the intersection first and was nearly across it when the street car entered it.

Should not the question of plaintiff's contributory negligence have been submitted to the jury instead of

---

[1] This testimony was elicited by defendant's counsel, who asked plaintiff in cross-examination whether he had any conversation with the operator of the street car, thereby making the latter's reply admissible in evidence.

the court's determining that issue as a matter of law?

(1) Plaintiff came almost to a complete stop at the crossing.

(2) He proceeded across the tracks at a very slow speed.

(3) He sounded his horn before going across.

(4) He listened but heard no bell or other warning signal.

(5) He looked before starting and kept looking to the right and left as he proceeded across the tracks but could not see the street car because of the limited visibility to the side as compared to the road in front of his headlights.

(6) He was nearly completely across the intersection when struck by the street car entering it.

In the light of the testimony thus summarized, and especially in view of the unusual atmospheric conditions which prevailed at the time of the accident, we are of opinion that the case was one for the consideration of the jury and not for a summary judgment by the court.

The order refusing plaintiff's motion to remove the compulsory nonsuit is reversed and a new trial is granted.